UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

---

In re: David Earl Wattleton                                  Civil No. 11-1156 (JNE/SER)

                    Petitioner.                              **REPORT AND RECOMMENDATION**

---

      David Earl Wattleton, 50260 019, Federal Medical Center Rochester, PMB 4000, Rochester, MN 55903

---

This matter is before the undersigned United States Magistrate Judge on the application of the above-named Petitioner, David Earl Wattleton, for leave to proceed *in forma pauperis*, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Petitioner's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## I. BACKGROUND

Petitioner is an inmate at the Federal Medical Center in Rochester, Minnesota. He is being detained pursuant to 18 U.S.C. § 4243, because he was found not guilty by reason of insanity at the conclusion of a 2000 federal criminal trial in the Northern District of Georgia. (Petition, [Docket No. 1], p. 2, citing *United States v. Wattleton*, 110 F.Supp.2d 1380 (N.D.Ga. 2000), *aff'd*, 296 F.3d 1184 (11th Cir.), *cert. denied*, 537 U.S. 924 (2002).)

In 2002, Petitioner filed a motion in the trial court, (i.e., the Northern District of Georgia), seeking relief under 28 U.S.C. § 2255, but that motion was denied. *See Wattleton v. United States of America*, 384 Fed.Appx. 907, 908 (11th Cir. 2010) (unpublished opinion). In 2009, Petitioner filed

another motion in the trial court, this time contending that the earlier ruling on his § 2255 motion should be vacated pursuant to Fed. R. Civ. P. 60(b)(4), because it was "void for lack of subject matter jurisdiction." *Id.* The trial court denied Petitioner's Rule 60(b)(4) motion, and the Eleventh Circuit Court of Appeals refused to grant Petitioner a Certificate of Appealability that would have allowed him to seek appellate review of the order denying the Rule 60(b)(4) motion. (Petition, [Docket No. 1], p. 2.[1])

Petitioner commenced the present action by filing a self-styled handwritten pleading entitled "Application for Writ of Mandamus." (Docket No. 1.) In this action, Petitioner is asking the Federal District Court for the District of Minnesota to issue a writ of mandamus that would compel the Federal District Court for Northern District of Georgia, as well as the Eleventh Circuit Court of Appeals, to (a) vacate their respective rulings on Petitioner's previous Rule 60(b)(4) motion, and (b) grant the Rule 60(b)(4) motion, and thereby vacate the previous adverse rulings on his earlier § 2255 motion.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, if the IFP applicant has filed a pleading that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (*per curiam*).

To state a cause of action on which relief may be granted, a claimant must allege a set of specific historical facts, which, if proven true, would entitle the claimant to some redress against the defendant(s) under some cognizable legal theory. *See Martin v. Aubuchon*, 623 F.2d 1282, 1286

---

[1] The trial court docket sheet for Petitioner's federal criminal case is accessible to this Court by means of the Case Management – Electronic Case Filing system, ("CM/ECF"), that is maintained by the federal courts. That docket sheet confirms that Petitioner's Rule 60(b)(4) motion was denied, and that Petitioner was denied a Certificate of Appealability.

(8th Cir. 1980) (although federal courts must "view *pro se* pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law").

In this case, it is readily apparent that Petitioner has failed to plead a cause of action on which relief can be granted.  Petitioner is seeking a writ of mandamus from this Court that would compel another district court, as well as a federal appellate court, to perform certain specified actions – namely, to vacate certain prior rulings in Petitioner's criminal case.  Such relief is not available.

A federal court can issue a writ of mandamus directed to a **lower level** federal court, if the issuing court has potential appellate jurisdiction to review the rulings of the latter court.  *Ferdinand v. Territorial Court of the Virgin Islands, District of Saint Croix*, No. Civ. A. 7:06CV179 (W.D.Va. 2006), 2006 WL 894890, citing *In re Richards*, 213 F.3d 773, 778 (3rd Cir. 2000).  However, "[a] district court lacks authority to issue a writ of mandamus to another district court." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1393 (9th Cir. 1987), *cert. denied*, 486 U.S. 1040 (1988).  *See also Stephens v. Herring*, 827 F.Supp. 359, 364 (E.D.Va. 1993) ("the extraordinary writs of prohibition and mandamus available under the All Writs Statute... may not be directed to a co-equal court"); *Chandler v. Judicial Council of Tenth Circuit of U. S.*, 398 U.S. 74, 94 (1970) (Harlan J., concurring) ("[t]he District Court mandamus statute, [28 U.S.C.] § 1361, extends to 'officers,' 'employees,' and 'agencies' of the United States; there is no indication that it empowers the District Courts to issue mandamus to other judicial tribunals").  Needless to say, if a federal district court cannot issue a writ of mandamus directed to a co-equal district court, it certainly cannot issue such a writ to a federal circuit court of appeals.

As one federal court has succinctly explained –

> "No one would suppose that a court, through mandamus, could compel another court to reconsider a prior ruling. Instead, the proper avenue for review is through the appeal process."

*Good Samaritan Hosp. Regional Medical Center v. Shalala*, 894 F.Supp. 683, 696 (S.D.N.Y. 1995), *aff'd*, 85 F.3d 1057 (2nd Cir. 1996). This observation is applicable here. If Petitioner is dissatisfied with a ruling made by another federal district court, he will have to seek relief in that court or in a superior court, (i.e., the apposite court of appeals, or the United States Supreme Court). The District Court for the District of Minnesota cannot review and overturn a ruling made by another federal district court by writ of mandamus, (or otherwise).

Because Petitioner cannot be granted the relief he is seeking in this action – namely a writ of mandamus directed to the District Court for the Northern District of Georgia and the Eleventh Circuit Court of Appeals – he has failed to state a cause of action on which relief can be granted.[2] The Court will therefore recommend that Petitioner's IFP application be denied, and that this case be summarily dismissed, pursuant to § 1915(e)(2)(B)(ii).

## III. RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for leave to proceed *in forma pauperis*, (Docket No. 2), be **DENIED**; and

---

[2] In the closing sentence of Petitioner's pleading, he suggests that "[i]n the alternative," to granting a writ of mandamus, "the Court should order petitioner's immediate release or grant relief that it deems appropriate." (Petition, p. 5.) Petitioner has not presented any factual or legal grounds that would warrant an order effecting his "immediate release" from custody, and nothing in his pleading suggests that it would be "appropriate" to award him any other form of relief.

2. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: May 12, 2011

                                                   *s/Steven E. Rau*
                                                   STEVEN E. RAU
                                                   United States Magistrate Judge

Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 23, 2011, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.